```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JIMMY AHMED, on behalf of himself
and all others similarly situated,

                  Plaintiff,
                                        CONSOLIDATION ORDER
       -against-                        21-CV-6890 (JS)(ST)

WALMART INC.,

                  Defendant.
-----------------------------------X
DAWN VAN DER STEEG, on behalf of
herself and all others similarly
situated,

                  Plaintiff,

       -against-                        22-CV-1398 (JS)(ST)

WALMART INC.,

                  Defendant.
-----------------------------------X
CLAY HARRIS, on behalf of himself
and all others similarly situated,

                  Plaintiff,

       -against-                        22-CV-1489 (JS)(ST)

WALMART INC.,

                  Defendant.
-----------------------------------X
```

SEYBERT, District Judge:

**WHEREAS**, there are currently three putative class actions pending before the Court involving claims regarding the alleged manufacturing, distribution, and sale of Equate

1

antiperspirant aerosol and spray products (the "Products") of Defendant Walmart Inc. ("Defendant" or "Walmart"), to wit:

    (1)    <u>Ahmed v. Walmart Inc.</u>, Case No. 21-CV-6890 (hereafter, the "<u>Ahmed</u> Action");

    (2)    <u>Van Der Steeg v. Walmart Inc.</u>, Case No. 22-CV-1398 (hereafter, the "<u>Van Der Steeg</u> Action"); and

    (3)    <u>Harris v. Walmart Inc.</u>, Case No. 22-CV-1489 (hereafter, the "<u>Harris</u> Action" and collectively the "Actions").

**WHEREAS**, a Motion for Consolidation and Appointment of Interim Co-Lead Counsel (hereafter, the "Consolidation Motion") has been filed by Plaintiffs Ahmed, Van Der Steeg, and Harris in the <u>Ahmed</u> Action only. (See <u>Ahmed</u> Action, ECF No. 17.)[1] Walmart disputes the allegations raised in each of these Actions but does not oppose the Actions being consolidated. (See, e.g., Support Memo, ECF No. 17-2, at 1 ("Walmart does not oppose consolidation of the cases, subject to reservation of all objections and defenses that it may have to the claims alleged."); <u>see also id.</u> at 2 n.2 ("Walmart disputes the alleged 'facts' as articulated by Plaintiffs. However, . . . Walmart does not oppose consolidation of the complaints . . . . Walmart reserves and does not waive any and all objections and defenses it has to Plaintiffs' allegations."); <u>id.</u> at 3 (same).)

---

[1] Hereafter, all ECF citations refer to documents filed in the <u>Ahmed</u> Action.

2

**WHEREAS**, Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact."  Courts have "'broad discretion' to determine whether to consolidate actions." Breakwater Trading LLC v. JPMorgan Chase & Co., Case No. 20-CV-3515, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990)).  In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial."  Johnson, 899 F.2d at 1285.

**WHEREAS**, by way of their Consolidation Motion, Plaintiffs further seek the appointment of their attorneys The Sultzer Law Group, P.C. ("Sultzer Law Group"), Levin, Sedran & Berman LLP ("LSB"), Bursor & Fisher, P.A. ("Bursor & Fisher"), and Levi & Korsinsky ("L&K"), as interim co-lead counsel (hereafter, "Proposed Interim Counsel").  (See Support Memo at 2.)  Proposed Interim Counsel contend such appointment is warranted because additional suits may be filed in the future and their self-organization avoids a costly and time-consuming multidistrict litigation proceeding and a possible leadership fight in the absence of such an appointment.  (See id.)  Walmart takes no position on Plaintiffs' request that their respective counsel be appointed Proposed Interim Counsel, subject to Walmart's

3

reservation of any and all objections it may have regarding appointment of said counsel at other stages of these Actions. (See id. at 2; see also id. at 2 n.2.) Such appointment is subject to a court's consideration of the factors delineated in Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE,** having considered the Consolidation Motion, together with Plaintiffs' supporting submissions, in addition to the relevant Federal Rules and case law, the Court finds:

(1) As to consolidation: Entry of this Order will promote judicial economy, avoid duplicative proceedings, and streamline adjudication of related matters; and

(2) As to Appointment of Proposed Interim Counsel: Proposed Interim Counsel: have thoroughly identified and investigated Plaintiffs' claims (see, e.g., Support Memo at 7); are highly experienced in handling class actions and other complex litigation (see, e.g., id. at 8-10 (re: Sultzer Law Group), 10-15 (re: LSB), 15-16 (re: Bursor & Fisher), and 16-17 (re: L&K)); are knowledgeable regarding applicable law, cf. Goldstein v. Henkel Corp. and Thriving Brands LLC, Case No. 3:22-CV-0164 (D. Conn. 2022) (appointing Proposed Interim Counsel in action involving benzene contamination in Right Guard antiperspirants); and, will commit the necessary resources to represent the putative class

4

(see, e.g., Support Memo at 18 (asserting Proposed Interim Counsel "are well-established successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions"); see also Schaffer Decl. (LSB), ECF No. 17-3; Sultzer Decl. (Sultzer Law Group), ECF No. 17-4; Obergfell Decl. (Bursor & Fisher), ECF No. 17-5; Reich Decl. (L&K), ECF No. 17-6); thus, good cause exists warranting the appointment of Proposed Interim Counsel.

ACCORDINGLY, **IT IS HEREBY ORDERED** that the Consolidation Motion (ECF No. 17) is **GRANTED**, and:

I.  As to Consolidation:

   A.  The Ahmed Action, Case No. 21-CV-6890, the Van Der Steeg Action, Case No. 22-CV-1398, and the Harris Action, Case No. 22-CV-1489, are consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure and shall proceed under the Ahmed Action as the lead case, as follows:

   In re Walmart Equate Antiperspirant Products Litigation, Case No. 21-CV-6890 (the "Consolidated Action").

   **NOTE: All future filings shall be docketed in the lead case, the Consolidated Action, Case No. 21-CV-6890;**

   B.  Any actions filed, transferred, or removed to this District after the date of this Order which arise out of

5

the same facts as alleged in the Actions shall be subject to consolidation with the Consolidated Action for all purposes. A party seeking consolidation in accordance with this Order may do so by letter motion and reference to this Order. If the Court determines that the case is related and should be consolidated, the Clerk of the Court shall be directed to:

(1) Assign each subsequently filed action (hereafter, a "Newly-Filed Action") a new case number to proceed before the undersigned and Magistrate Judge Steven Tiscione;

(2) Docket this Order in the Newly-Filed Action, which shall apply to the Newly-Filed Action;

(3) Consolidate each Newly-Filed Action with the Consolidated Action and make an appropriate entry on the Consolidated Action's docket so indicating;

(4) Administratively close each Newly-Filed Action; and

[Remainder of Page Intentionally Left Blank.]

C. Every pleading in <u>In re Walmart Equate Antiperspirant Products Litigation</u>, Case No. 21-CV-6890, shall bear the following (or substantially similar) caption:

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
In re    WALMART EQUATE
         ANTIPERSPIRANT LITIGATION      No. 21-CV-6890 (JS)(ST)
                                             (Consolidated Action)
------------------------------------X
```

II. <u>As to Appointment of Proposed Interim Counsel</u>:

A. The Proposed Interim Counsel (<u>e.g.</u>, Sultzer Law Group, LSB, Bursor & Fisher, and L&K) are appointed as interim co-lead counsel (hereafter, "Interim Co-Lead Counsel") for Plaintiffs and the putative class in this Consolidated Action pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

B. Interim Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Interim Co-Lead Counsel shall designate:

(1) coordinating the briefing and arguments of motions;

(2) coordinating the conduct of discovery proceedings;

(3) coordinating the examination of witnesses in depositions;

  (4) coordinating the selection of counsel to act as spokesperson at pretrial conferences;

  (5) calling telephonic or in-person meetings of plaintiffs' counsel as they deem necessary and appropriate from time to time;

  (6) coordinating all settlement negotiations with counsel for Defendant;

  (7) coordinating and directing the pretrial discovery proceedings; preparing for the trial of this matter; and delegating work responsibilities to selected counsel as may be required; and

  (8) supervising any other matters concerning the prosecution, resolution, or settlement of the Consolidated Action;

C. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Interim Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs. No settlement negotiations shall be conducted without the approval of Interim Co-Lead Counsel;

D. Interim Co-Lead Counsel shall further be responsible for:

      (1) receiving and disseminating Court orders and notices;

      (2) being the contact between all plaintiffs' counsel; and

      (3) directing and coordinating the activities of plaintiffs' counsel;

E.   Counsel in any related action that is consolidated with this Consolidated Action shall be bound by this organization of Plaintiffs' counsel; and

F.   Defendant's counsel may rely upon all agreements made with Interim Co-Lead Counsel, or other duly authorized representative of Interim Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

**IT IS FURTHER ORDERED** that this Order shall be filed in the Van Der Steeg Action, Case No. 22-CV-1398, and the Harris Action, Case No. 22-cv-1489; thereafter, the Van Der Steeg Action and the Harris Action are to be closed.

                                        **SO ORDERED.**

                                  /s/ JOANNA SEYBERT
                                  Joanna Seybert, U.S.D.J.

Dated:   July 11, 2022
           Central Islip, New York